H. N. Main, Appellee, v. Mrs. L. E. Brown, Appellant.

**MUNICIPAL COURTS:** Jurisdiction—Revoking **Order for Costs.** An
1    order relative to the costs of a continuance may be set aside by the
municipal court when motion for new trial is heard.

**EVIDENCE:** Best and Secondary—**Authority of Corporate Officer.** It is
2    not erroneous to permit a corporate officer to testify to his authority
to sign an instrument on behalf of the corporation, a copy of the
authorizing resolution of the corporate directors being before the
trial court.

**APPEAL AND ERROR:** Harmless Error—Striking Allegation but Receiving Testimony. Erroneously striking from an answer certain allegations of fraud is harmless when the testimony bearing on said stricken allegations was fully received and considered.

**Headnote 1:** 15 C. J. p. 992. **Headnote 2:** 22 C. J. p. 1012. **Headnote 3:** 4 C. J. pp. 939, 940.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

### DECEMBER 14, 1926.

Action at law, to recover a real estate commission. Jury waived, and cause tried to the court. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*James A. Merritt,* for appellant.

*Tolbert C. Moore* and *Clinton R. Dorn,* for appellee.

STEVENS, J.—Appellee, a real estate agent, brings this action to recover a commission for services which he alleged he performed for appellant in the sale and exchange of a residence in the city of Des Moines for a farm near Albia. The court, sitting as a jury, found the facts in favor of appellee. The evidence upon almost every vital point is in direct conflict. The finding of the court must be given the same effect as the verdict of a jury, and is binding upon this court. Nothing will, therefore, be gained by a detailed recital of the evidence. This is true notwithstanding the fact that reasonable minds might well differ as to the correctness of the conclusion reached. Counsel for appellant has assigned error in many rulings of the court, a few of which we deem it necessary to consider.

The court ordered an item of $30 costs for a continuance and mileage for a witness taxed to appellant. At the time of ruling upon the motion for a new trial, the former order was set aside. It is contended by counsel for appellant that the court did not have authority, under Section 10681 of the Code of 1924, to set aside the order. The language of the statute apparently confers express authority upon the court to make

1. MUNICIPAL COURTS: jurisdiction: revoking order for costs.

the ruling complained of. In any event, the ruling was favorable to appellant, and she has no ground of complaint, particularly as no judgment for costs appears to have been entered in the court below, and appellee has filed a remittitur covering this item in this court.

The contract signed by appellant agreed to exchange her property for a farm near Albia which was owned by the Northern Trust & Savings Bank of Des Moines. The signature of the bank was attached by P. McLuen, cashier.

2. EVIDENCE: best and secondary: authority of corporate officer.

The resolution of the bank authorizing McLuen to sign the contract, was not introduced, but instead, he was permitted to testify orally to his authority to do so. The objection to this testimony was that it was not the best evidence. We gather from the testimony that a copy of the resolution was indorsed on the contract, which was introduced in evidence. The ruling was correct.

It is also urged that the proof fails to show that the bank was able and willing to consummate the exchange. This contention, it seems to us, is without merit, and, in any event, was a question of fact passed upon by the court.

It is also contended that appellee acted in bad faith, and sought to perpetrate a fraud upon appellant. So far as this contention involves a question of fact, the court's finding is conclusive. A motion to strike the allegations of

3. APPEAL AND ERROR: harmless error: striking allegation but receiving testimony.

appellant's answer setting up fraud was sustained, in part at least, by the court. This ruling is complained of by appellant. It may be assumed that the ruling was erroneous, and, but for what followed, a reversal would necessarily result. The court made findings of facts in which it is stated that the ruling on the motion to strike was disregarded and the evidence tending to show fraud considered. So far as the record shows, appellant was permitted to, and did, introduce all of the evidence she had on the subject of fraud. She does not claim otherwise. If, therefore, her evidence was before, and was fully considered by, the court before judgment was pronounced, and was given the same effect as though the motion had been overruled, appellant was not prejudiced by the ruling. This is what the record shows was done.

Other matters discussed are sufficiently disposed of by what

we have already said. The court did not commit reversible error in overruling the motion for a new trial. The case is essentially a fact case, and we refrain from further discussion of the matters involved. The judgment is affirmed.—*Affirmed*.

De Graff, C. J., and Faville and Vermilion, JJ., concur.